IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | CRIMINAL NO. 1:05-CR-0329 |
| : | |
| v. : | (Judge Conner) |
| : | |
| **LONDON SMITH** : | |
| **a/k/a SHAKIL MUHAMMAD,** : | |

### ORDER

AND NOW, this 20th day of July, 2006, upon consideration of defendant's motion (Doc. 89) to withdraw his guilty plea and remove counsel due to ineffective assistance, in which defendant asserts his innocence and requests the appointment of new counsel to conduct a hearing on the instant motion (see Doc. 101), it is hereby ORDERED that:

1. Defendant's motion (Doc. 89) is GRANTED in part[1] as follows:

    a. Thomas A. Thornton, Esquire, is TERMINATED as defendant's counsel.[2]

    b. John F. Yaninek, Esquire, of Mette, Evans and Woodside, 3401 North Front Street, P.O. Box 5950, Harrisburg, Pennsylvania, 17110, telephone number (717) 232-5000, is appointed to represent defendant in the above-captioned case.

    c. The Clerk of Court is directed to forward all necessary materials to John F. Yaninek, Esquire, as soon as possible.

    d. Thomas A. Thornton, Esquire, is directed to provide to John F. Yaninek, Esquire, the file in the above-captioned case as soon as possible.

---

[1] The court will defer ruling on whether to permit defendant to withdraw his guilty plea to allow defendant's new counsel to file a supplemental brief.

[2] The court notes that in terminating Thomas A. Thornton, Esquire, the court is *not* ruling that his representation was ineffective.

2. John F. Yaninek, Esquire, shall be permitted to file, on or before August 4, 2006, a supplemental brief supporting defendant's motion to withdraw his guilty plea (Doc. 89), citing to applicable and controlling law.

    a. The supplemental brief shall specifically address any additional evidence that would be presented at a hearing regarding defendant's assertion of innocence[3] and ineffective assistance of counsel claim.

    b. If John F. Yaninek, Esquire, does not file a supplemental brief, the court will proceed on the motion to withdraw the guilty plea (Doc. 89) as filed.

/s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[3] See, e.g., United States v. Jones, 336 F.3d 245, 253 (3d Cir. 2003) ("Once a defendant has pleaded guilty, he 'must then not only reassert innocence, but give sufficient reasons to explain why contradictory positions were taken before the district court and why permission should be given to withdraw the guilty plea and reclaim the right to trial.'").