IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CRIMINAL NO. 1:05-CR-0329 |
| | : | |
| v. | : | **(Judge Conner)** |
| | : | |
| **LONDON SMITH** | : | |
| a/k/a **SHAKIL MUHAMMAD**, | : | |

**<u>MEMORANDUM</u>**

Presently before the court is defendant's motion to withdraw his guilty plea (Doc. 89). Defendant asserts that he has "fair and just reasons" for withdrawing his guilty plea—namely, ineffective assistance of counsel. (Doc. 89 ¶ 10.) At a plea colloquy, the court thoroughly reviewed with defendant the ramifications of a plea of guilty. (Doc. 93.) Defendant's responses to the court's inquiries demonstrated that he understood his legal rights as well as the consequences of a guilty plea. The court concluded that defendant's plea was informed and voluntary, supported by an independent and adequate factual basis. (Docs. 93.) The court is not persuaded to change its conclusion based upon the instant motion. Defendant will not be permitted to withdraw his guilty plea.

**I.    <u>Factual and Procedural Background</u>**

Defendant was arrested on August 18, 2005 and was indicted on August 24, 2005 on two counts—one count of distribution and possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1), and one count of conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C. § 846. (Doc. 18; Tr. at 10; Gov't Ex. 1.) On September 6, 2005, defendant appeared before a magistrate

judge and entered a plea of not guilty. (Doc. 29.) On December 15, 2005, the government filed an eight-count superseding indictment, naming defendant in six counts—Count I of possession with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 841(a)(1), Count III of interstate travel in aid of drug trafficking, in violation of 18 U.S.C. § 1952(a)(3), Count V of the use of a communication facility to facilitate drug trafficking, in violation of 21 U.S.C. § 843(b), Count VI of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), Count VII of possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A), and Count VIII of conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C. § 846. (Doc. 56.) On January 17, 2006, defendant appeared before a magistrate judge and entered a plea of not guilty. (Doc. 68.)

On March 28, 2006, defendant entered a plea of guilty (Doc. 86), pursuant to a plea agreement (Doc. 77), to two counts in the superseding information (Doc. 56), as amended (see Doc. 77 ¶ 1)—Count I of possession of heroin with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and Count VI of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The plea agreement contains the following provision:

> 16.   The defendant understands that the Court is not a party to and is not bound by this agreement nor any recommendations made by the parties. Thus, the Court is free to impose upon the defendant any sentence up to and including the maximum sentence of imprisonment for 30 years, a fine of $1,250,000.00, a maximum term of supervised release of up to 8 years, which shall be served at the conclusion of and in addition to any term

>     of imprisonment, the costs of prosecution, denial of certain
>     federal benefits and assessments totaling $200.

(Doc. 77 ¶16.) Prior to accepting the plea, the court conducted a colloquy with defendant on March 28, 2006. (Doc. 93.)

During the course of the colloquy, defendant confirmed that his former attorney, Thomas A. Thornton, Esquire ("Attorney Thornton"), had explained all of the terms of the plea agreement. (Doc. 93 at 7.) Defendant stated that he understood the nature of the charges against him, the offenses to which he was pleading guilty, the possible maximum sentences involved, and the waiver of certain constitutional rights, including the right to a jury trial. (Doc. 93 at 7-9, 13.) He also indicated that he was not promised anything to plead guilty, that he was not threatened or forced to plead guilty, and that he was pleading guilty of his own free will. (Doc. 93 at 11-12.) The following exchange occurred between the court and defendant during the plea colloquy:

> The Court:   Do you understand that the terms of the plea agreement are simply recommendations to the court, and that I can reject the recommendations without permitting you to withdraw your plea of guilty and impose a sentence which is more severe than you may anticipate?
>
> Defendant:   Yes, Your Honor.
>
> * * *
>
> The Court:   Do you understand that the total statutory maximum term of imprisonment under the United States Code for these offenses is thirty years, a fine of 1.25 million dollars, . . . a total of eight years of supervised release, and in addition to the costs of prosecution, denial of certain federal benefits, and a $200 assessment?

Defendant:   Yes, Your Honor.

* * *

The Court:   Have you and Mr. Thornton spoken about what sentencing guideline may apply in your case?

Defendant:   Yes.

* * *

The Court:   You should be advised that a prior conviction can affect your guideline sentencing range . . . . Do you understand that?

Defendant:   Yes, Your Honor.

* * *

The Court:   Now, if your attorney or anyone else has estimated your guideline sentence at this time and I determine after I review the presentence report that the guideline is different from what has been estimated to you, you cannot withdraw your guilty plea. Do you understand that?

Defendant:   Yes.

* * *

The Court:   Do you also understand that the guideline range is advisory only, and that after your guideline range has been determined that the court has the authority to impose a sentence that is more severe or less severe that the sentence called for by the guidelines?

Defendant:   Yes, Your Honor.

(Doc. 93 at 12-16.) Also during the plea colloquy, defendant admitted to the facts placed on the record by the government.[1] (Doc. 93 at 20.) The court found that defendant was capable of entering an informed plea and that his plea was knowing and voluntary. (Doc. 93 at 21.)

Prior to the plea colloquy, Attorney Thornton reviewed the United States Sentencing Guidelines with defendant. Attorney Thornton informed defendant that the likely guidelines range would be between 51 and 63 months based on an offense level of 22 and a criminal history category of III. (Doc. 89 ¶ 2.) After defendant pleaded guilty, the probation office prepared a presentence report, which designated defendant as a career offender.[2] As a career offender, defendant's

---

[1] The facts are as follows. Agents of the Drug Enforcement Administration learned that defendant would travel to New Jersey to obtain heroin to distribute in Harrisburg. He would conceal bundles of heroin in stuffed animals to avoid detection. Surveillance was set up on a motel room in Dauphin County where defendant was located. Agents noticed that individuals would enter the room and leave after a short stay. The agents stopped one such individual and learned that the individual had purchased heroin in the room and that another individual was in the room with defendant. After defendant left the room, the agents obtained search warrants for both the motel room and defendant's residence. The search of the motel room revealed heroin, including heroin concealed in a stuffed animal. When the agents went to defendant's residence, defendant fled across the roof and into a neighboring yard, but was quickly apprehended. In the residence and on the roof, the agents recovered heroin and firearms. (Doc. 93 at 18-20.)

[2] Attorney Thornton asserts that he was unaware of the revocation of defendant's 1986 two-year probationary sentence for a drug offense. The revocation sentence ostensibly extended into the fifteen-year period for inclusion in defendant's criminal history, resulting in the career offender designation. (Doc. 89 ¶¶ 3, 9.) Defendant vehemently disputes this aspect of the presentence report.

offense level and criminal history category were automatically increased to 32 and VI, respectively, with a corresponding guidelines range of 210 to 262 months.

After receiving the presentence report, defendant filed a motion to withdraw his guilty plea (Doc. 89). In the instant motion, defendant claims that ineffective assistance of counsel is a "fair and just reason" to withdraw the guilty plea.[3] (Doc. 89 ¶ 10.) Without determining whether Attorney Thornton's representation was ineffective, the court appointed new counsel for defendant and permitted defendant to file a supplemental brief supporting the instant motion. (See Doc. 104.) A hearing on the motion was held on September 7, 2006. During this hearing, defendant asserted his innocence to the charge of possession with intent to distribute,[4] arguing that he is a heroin addict and only possessed the heroin for personal use, i.e., he is guilty of only simple possession. (Tr. at 3-6.) Defendant acknowledged that he knew from discussions with his former attorney that a precise sentence was not a guarantee and that he understood that the court could sentence him to up to thirty years. (Tr. at 40.) The instant motion has been fully briefed and is now ripe for disposition.

---

[3] According to Attorney Thornton, defendant repeatedly stated that he would not plead guilty if he was subject to the career offender designation or a long term of incarceration. (Doc. 89 ¶ 8.)

[4] Defendant does not assert his innocence to the other count to which he pleaded guilty—being a felon in possession of a firearm.

## II.  **Discussion**

Withdrawal of a guilty plea is a privilege, not a right.  See Gov't of the Virgin Islands v. Berry, 631 F.2d 214, 219-20 (3d Cir. 1980) (citing Kercheval v. United States, 274 U.S. 220, 224 (1927)).  Whether to permit withdrawal is committed to the sound discretion of the trial court, to be guided by three factors:  (1) "whether the government would be prejudiced by the withdrawal," (2) "whether the defendant asserts his innocence," and (3) "the strength of the defendant's reasons for withdrawing the plea."  United States v. Jones, 336 F.3d 245, 252 (3d Cir. 2003); see also United States v. Harris, 44 F.3d 1206, 1210 (3d Cir. 1995).  Leave to withdraw a guilty plea should be granted before sentencing when these factors demonstrate "a fair and just reason for requesting the withdrawal."  FED. R. CRIM. P. 11(d)(2)(B); see also Jones, 336 F.3d at 252.[5]

In the matter *sub judice*, the government does not argue that it will be prejudiced if defendant is permitted to withdrawal his guilty plea.  This acknowledgment by the government clearly favors defendant's request to withdraw his guilty plea.  Lack of prejudice to the government, however, is not conclusive in deciding a motion to withdraw a guilty plea; defendant must still assert sufficient reasons for the withdrawal.  See id. at 255; United States v. Martinez, 785 F.2d 111,

---

[5] The Jones decision and earlier decisions involve the "fair and just reason" analysis under Rule 32 of the Federal Rules of Criminal Procedure.  The substance of this rule regarding withdrawal of guilty pleas was subsequently transferred to Rule 11(d) and (e).  See FED. R. CRIM. P. 32 advisory committee notes (2002 Amendments); see also FED. R. CRIM. P. 11 advisory committee notes (2002 Amendments).

7

115-16 (3d Cir. 1986) (refusing to adopt the position that "absent any showing of prejudice to the government, withdrawal should be freely granted" and requiring the defendant to "demonstrate sufficient grounds for withdrawing his plea"); see also United States v. Wilder, 134 F. App'x 527, 527-29 (3d Cir. 2005) (requiring the district court to consider and balance each of the Jones factors, despite the government's concession that it would not be prejudiced by the withdrawal). Hence, the court must examine the remaining two factors under the Jones analysis.

### 1.    Assertion of Innocence

Defendant asserts his innocence to the possession of heroin with intent to distribute charge by arguing that he, as a heroin addict, is guilty of only simple possession. He contends that he pleaded guilty to the enhanced charge of intent to distribute only because his former attorney told him that he would receive 60 to 63 months and that he would not be designated a career offender.[6]  (Tr. at 6-8.) However, defendant offers no credible evidence to support his assertion that he possessed the heroin solely for his personal use.[7] See Jones, 336 F.3d at 252 ("Assertions of innocence must be buttressed by facts in the record that support a claimed defense."). Indeed, the amount of heroin found at the motel room and his

---

[6] Defendant offers a March 28, 2006 email from the government stating that, based on the total weight of heroin, the offense level would be 18. (Def. Ex. 1.) However, this email does not guarantee a specific offense level for the presentence report, nor does it address whether defendant will be designated a career offender.

[7] Even a perfunctory review of the transcript of the hearing on the instant motion reflects defendant's inconsistent and evasive testimony. (See, e.g., Tr. at 13-15, 19, 24-26).

residence—approximately 30 bundles, or 300 bags—greatly exceeds an amount consistent with personal consumption. (Tr. at 4-6, 14.) Likewise, the guidelines range estimate by his former attorney does not sufficiently explain the contradictory position defendant took during the change of plea colloquy because, as discussed infra, the court clearly informed defendant on the issue of estimates. Therefore, the court finds that defendant has "failed to meaningfully reassert [his] innocence or explain [his] contradictory positions taken before the [d]istrict [c]ourt." United States v. Brown, 250 F.3d 811, 818 (3d Cir. 2001); see also Jones, 336 F.3d at 253 ("Once a defendant has pleaded guilty, he 'must then not only reassert innocence, but give sufficient reasons to explain why contradictory positions were taken before the district court and why permission should be given to withdraw the guilty plea and reclaim the right to trial.'" (citations omitted)).

    **2.**    **Strength of Reasons for Withdrawing Guilty Plea**

Defendant's reason for withdrawing his guilty plea is the alleged ineffective assistance of counsel. A valid claim of ineffective assistance of counsel warrants withdrawal of a guilty plea by negating the intelligent and voluntary nature of the plea. See Hill v. Lockhart, 474 U.S. 52, 56-57 (1985). A court will accept such a claim and permit a defendant to withdraw a guilty plea only if: "(1) the defendant shows that his attorney's advice was under all the circumstances unreasonable under prevailing professional norms; and (2) the defendant shows that he suffered 'sufficient prejudice' from his counsel's errors." Jones, 336 F.3d at 253-54 (citing

United States v. Day, 969 F.2d 39, 42, 49 (3d Cir. 1992)). There is a strong presumption that an attorney's performance is reasonable under prevailing professional norms. See Strickland v. Washington, 466 U.S. 668 (1984). In the context of guilty pleas, the prejudice prong of the two-part test requires that defendant show with reasonable probability that, but for counsel's advice, defendant would not have pleaded guilty. Hill, 474 U.S. at 59.

In the matter *sub judice*, defendant alleges that he pleaded guilty only because he believed, based on his attorney's estimates, that he would not be designated a career offender or face a lengthy incarceration. Even if Attorney Thornton's representation fell below reasonable standards, defendant cannot satisfy the prejudice prong. During the plea colloquy, the court clearly informed defendant on the precise issue of guidelines range estimates. After learning that Attorney Thornton had spoken to defendant about what sentencing guideline may apply, the court ensured that defendant understood that the court was not bound by Attorney Thornton's estimates. Defendant responded that he understood that "if [my] attorney or anyone else has estimated [my] guideline sentence at this time and [the court] determine[s] after [it] review[s] the presentence report that the guideline is different from what has been estimated to [me], [I] cannot withdraw [my] guilty plea." (Doc. 93 at 15.) Defendant also understood that the statutory maximum term of imprisonment was thirty years, that the court could impose a sentence that was more severe than the calculated guidelines range (i.e., that the guidelines range was advisory), and that a prior conviction could affect his guideline

sentencing range.  (Doc. 93 at 13-14, 16.)  After an extensive colloquy regarding the court's discretion to sentence defendant up to the statutory maximum of thirty years, defendant agreed to proceed with the guilty plea.  Therefore, defendant cannot establish that, but for his attorney's representation, he would not have pleaded guilty.  Id.  Defendant was properly advised on the issue and voluntarily entered into a plea of guilty.  His "change of heart" after receiving the presentence report does not warrant a withdrawal of his guilty plea.  See Harris, 44 F.3d at 1210 (concluding that the defendant's "change of heart after reading the presentence report and contemplating the possible sentence . . . was inadequate to justify withdrawal"); see also Jones, 336 F.3d at 252 ("[A] change of mind[] or the fear of punishment are not adequate reasons to impose on the government the expense, difficulty, and risk of trying a defendant who has already acknowledged his guilt by pleading guilty.").

Culled to its essence, defendant's argument is a disagreement with the findings and calculations in the presentence report.  Such a disagreement, without a "fair and just reason," does not warrant the withdrawal of a guilty plea.  See FED. R. CRIM. P. 11(d)(2)(B).  The court notes, however, that nothing in this ruling prevents defendant from lodging objections to the presentence report, including the career offender designation.

**III.    Conclusion**

Defendant has not presented a "fair and just reason" to withdraw the guilty plea.  Although the government would not be prejudiced by a withdrawal of the plea, defendant has not sufficiently asserted his innocence and his ineffective assistance of counsel claim is without merit.  Thus, the court, in the exercise of its discretion, will deny defendant's motion.  See FED. R. CRIM. P. 11(d); see also Jones, 336 F.3d at 252; Harris, 44 F.3d at 1210.

An appropriate order will issue.

  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:        September 14, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:05-CR-0329** |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| **LONDON SMITH** | : | |
| **a/k/a SHAKIL MUHAMMAD**, | : | |

## **ORDER**

AND NOW, this 14th day of September, 2006, upon consideration of defendant's motion to withdraw the guilty plea (Doc. 89), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The motion to withdraw the guilty plea (Doc. 89) is DENIED.

2. The parties shall be permitted to submit, on or before September 28, 2006, objections to the presentence report. See FED. R. CRIM. P. 32(f).


       S/ Christopher C. Conner
       CHRISTOPHER C. CONNER
       United States District Judge