IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | CRIMINAL NO. 1:05-CR-0329 |
| : | |
| v. : | (Judge Conner) |
| : | |
| **LONDON SMITH** : | |
| **a/k/a SHAKIL MUHAMMAD,** : | |

## ORDER

AND NOW, this 4th day of October, 2006, upon consideration of defendant's *pro se*[1] motion to withdraw his guilty plea (Doc. 121),[2] seeking reconsideration of the order of court dated September 14, 2006 (Doc. 117), which denied defendant's previous motion to withdraw his guilty plea after conducting a hearing on the motion,[3] and it appearing that the instant motion merely repeats arguments from defendant's previous motion, see Waye v. First Citizen's Nat'l Bank, 846 F. Supp.

---

[1] Defendant is currently represented by counsel and, therefore, the court may decline to review this *pro se* motion. See Abdullah v. United States, 240 F.3d 683, 686 (8th Cir. 2001) ("A district court has no obligation to entertain pro se motions filed by a represented party."); United States v. Tracy, 989 F.2d 1279, 1285 (1st Cir. 1993) (same); Non-Punitive Segregation Inmates of Holmesburg Prison v. Kelly, 589 F. Supp. 1330, 1335-36 (E.D. Pa. 1984) (same); see also McKaskle v. Wiggins, 465 U.S. 168, 183 (1984) ("[The Constitution] does not require a trial judge to permit 'hybrid' representation . . . ."); Linnen v. Armainis, 991 F.2d 1102, 1105 & n.3 (3d Cir. 1993) (same); cf. United States v. Goldberg, 67 F.3d 1092, 1098 (3d Cir. 1995). Although the court will entertain the instant *pro se* motion, defendant shall refrain from filing additional *pro se* motions while he is represented by counsel.

[2] The instant motion is titled as a motion to withdraw the guilty plea *and* remove counsel due to ineffective assistance. However, defendant only argues that his *former* counsel was ineffective. He does not aver that his current counsel, John F. Yaninek, Esquire, was ineffective, nor does he seek to remove Attorney Yaninek.

[3] Defendant avers that the court abused its discretion when denying his previous motion.

310, 314 (M.D. Pa. 1994) ("A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of."), and the court finding that there are no manifest errors of law or fact in the order and memorandum denying defendant's previous motion to withdraw his guilty plea (see Doc. 117), see Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985) ("The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence . . . ."), it is hereby ORDERED that the motion to withdraw his guilty plea (Doc. 121) is CONSTRUED as a motion for reconsideration and is DENIED as so construed.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge